IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| KEVIN N. BASS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 5:25-CV-244-H-BV |
| | § | |
| TEXAS TECH HEALTH SCIENCES | § | |
| CENTER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se Plaintiff Kevin N. Bass moves for a preliminary injunction, requesting ther the Court to (1) direct Texas Tech Health Sciences Center's registrar to annotate his transcript and (2) stop unspecified officials from sending messages to hospitals and other entities stating that Bass should not be allowed in their facilities. Dkt. No. 1 at 12.[1] After considering Bass's motion and applicable law, the undersigned recommends that the United States District Judge **DENY** the motion without prejudice to Bass's right to request injunctive relief in the future should circumstances change.

**1.    Legal Standard**

Rule 65(a) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). The notice requirement "is

---

[1] Page citations to Bass's filings refer to the electronic page number assigned by the Court's electronic filing system.

mandatory." *Harris Cnty. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 326 (5th Cir. 1999) (citation omitted).

In addition to notice, a movant must meet other requirements to obtain an injunction. "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). Courts should not grant injunctive relief "routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *see Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (explaining that "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

To secure a preliminary injunction, a movant must demonstrate:

1. A substantial likelihood of success on the merits of his case;

2. A substantial threat of irreparable injury if the injunction is not granted;

3. The threatened injury to the movant outweighs any damage the injunction will cause the non-movant; and

4. The injunction will not have an adverse effect on the public interest.

*Women's Med. Ctr. of Nw. Hou. v. Bell*, 248 F.3d 411, 418–20 (5th Cir. 2001); *see Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985) (providing that "if the movant does not succeed in carrying its burden on any one of the four prerequisites, a preliminary injunction may not issue").

**2.    Analysis**

Bass has not shown that he has given notice to Defendants of his request for a preliminary injunction. This failure alone forms sufficient basis to deny his request. *See, e.g., CarMax*, 177 F.3d at 326; *Martinez v. Mathapathi*, No. 7:18-cv-00105-M-BP, 2018 WL 3763848, at *1 (N.D. Tex. July 17, 2018) (recommending denial of plaintiff's motion for preliminary injunction in part because he had not given notice to defendant), *R. & R. adopted by* 2018 WL 3752372 (N.D. Tex. Aug. 8, 2018).

In addition, Bass has not shown that he is entitled to injunctive relief. "A preliminary injunction is typically granted during the pendency of a lawsuit to prevent irreparable injury that may result before a final decision on the merits." *Shanks v. City of Dallas*, 752 F.2d 1092, 1096 (5th Cir. 1985). "[A]n injury is irreparable only if it cannot be undone through monetary remedies." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (internal quotation marks and citation omitted); *accord Broyles v. Texas*, 618 F. Supp. 2d 661, 681 (S.D. Tex. 2009) ("An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard."), *aff'd*, 381 F. App'x 370 (5th Cir. 2010). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of an injunction, are not enough." *Dennis Melancon*, 703 F.3d at 279 (brackets and citation omitted).

Here, Bass alleges that he will suffer "irreparable injury to [his] professional reputation and training trajectory through continuing publication and transcript notation." Dkt. No. 1 at 12. But this damage has already been done, according to Bass. *See id.* at

3

5–6 (claiming he "suffered significant . . . reputational harm" due to defendants' actions), 6 (asserting that in November 2023, Texas Tech's assistant vice dean for student affairs emailed numerous entities to advise that Bass should not be admitted to hospitals and other facilities); *see also id.* at 6 (stating that his official transcript reflects a notation that he was administratively dismissed and that "[t]hird-party recipients reported adverse decisions after receiving transcripts with that notation").

Moreover, Bass does not give enough information to understand *how* his reputation will continue to be harmed absent injunctive relief, nor does he explain the specific impacts of that reputational damage. In sum, Bass's allegations are too sparse and speculative to conclude that he will suffer irreparable injury without injunctive relief. *See, e.g., Sampson v. Murray*, 415 U.S. 61, 89–90 (1974) ("[T]he temporary loss of income" due to damaging information "does not usually constitute irreparable injury."); *Enter. Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472, 472–74 (5th Cir. 1985) (reminding district courts that movant bears a heavy burden to obtain the "extraordinary and drastic remedy" of a preliminary injunction and holding that lower court erred in granting injunctive relief in part because reputational harm, absent evidentiary support, was speculative); *Foy v. Univ. of Tex. at Dall.*, No. 3:96–CV–3406P, 1997 WL 279879, at *2 (N.D. Tex. May 13, 1997) (concluding that where allegedly damaging information would only be released if plaintiff applied to another doctoral program, plaintiff had not shown irreparable injury).

4

3.  **Recommendation**

Because Bass did not give notice to Defendants, and he has not shown irreparable injury, the undersigned recommends that the United States District Judge deny Bass's request for a preliminary injunction.

4.  **Right to Object**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: November 21, 2025.

_____
AMANDA 'AMY' R. BURCH
UNITED STATES MAGISTRATE JUDGE